

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| ADEKUNLE ADEBO, | ) CASE NO. 07-36371-H3-13 |
| | ) |
| Debtor, | ) |
| | ) |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "Motion for Relief from Automatic Stay to Permit Eviction to Continue Regarding Real Property Located at 12251 Sandpiper Drive Houston, Texas" (Docket No. 6). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Adekunle Adebo ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on September 17, 2007.

On July 4, 2006, more than one year prior to the filing of the petition in the instant case, Litton Loan Servicing, L.P. ("Litton") completed a nonjudicial foreclosure sale of Debtor's interest in property located at 12251 Sandpiper Drive, Houston,

Texas.

Debtor has filed suit against Litton, in the 186th Judicial District Court of Harris County, Texas, seeking a determination that the foreclosure was wrongful.

In the instant motion, Litton seeks lifting of stay, in order to exercise whatever remedies it may have under applicable law against Debtor with respect to the property.

Counsel for Litton argued that Debtor has no possessory right to the property. The only evidence Litton presented is a certified copy of the foreclosure deed, which was filed in the real property records of Harris County, Texas on July 10, 2006.

Debtor testified that he has no other property he can occupy. He testified that he would face a hardship if he were not permitted to reside in the property.

Debtor's schedules indicate that he has interests in the property at issue in the instant motion, and another piece of real property located at 16030 Cerca Blanca Drive, Houston, Texas. Debtor testified that his wife occupies the property at 16030 Cerca Blanca Drive, Houston, Texas. He testified that he and his wife are separated. He testified that neither he nor his wife has filed for divorce.[1]

---

[1] The court notes that Debtor purports to claim both the property at 12251 Sandpiper and the property at 16030 Cerca Blanca Drive as his homestead. Debtor does not state the basis for this claim of exemptions.

Debtor has equity in the property. The court takes judicial notice of the Harris County Appraisal District valuation of $42,054. The foreclosure sale "purchase price" was $24,700. Debtor testified he believes approximately $22,500 is owed on the note. Debtor testified he has been paying monthly payments into the state court registry; this provides some measure of adequate protection.

### Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

The party requesting relief from the stay has the burden of proof on the issue of the debtor's equity in property. The party opposing relief has the burden of proof as to all other issues. 11 U.S.C. § 362(g).

3

What constitutes "cause" for the lifting of the stay pursuant to Section 362(d)(1) is not defined in the Bankruptcy Code.  Whether cause exists must be determined on a case by case basis based on an examination of the totality of circumstances. In re Trident Assoc. L.P., 52 F.3d 127 (6th Cir. 1995); Claughton v. Mixson, 33 F.3d 4 (4th Cir. 1994); In re Tucson Estates, Inc., 912 F.2d 1162 (9th Cir. 1990).

In determining whether to lift the automatic stay to allow litigation against a debtor to proceed outside this court, the court should consider whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor, and whether the creditor has a probability of prevailing on the merits of the case.  In re Namazi,  106 B.R. 93 (Bankr. E.D. Va. 1989).  In addition, where relief would permit the resolution of uniquely state law questions which necessarily must be decided as part of the case's administration, cause will exist to lift the automatic stay for that limited purpose.  In re Bell, 215 B.R. 266 (Bankr. N.D. Ga. 1997).

In the instant case, the potential hardship to the debtor and the creditor are balanced by permitting the parties to continue to litigate their issues in the state court, and by

permitting the debtor to seek protection from the state court (such as a stay pending appeal), if the state court believes it is appropriate to grant such protection.

Based on the foregoing, the court will enter a separate Judgment lifting the stay immediately for the purpose of permitting the parties to continue their litigation, and lifting the stay effective on December 1, 2007, for all other purposes.

Signed at Houston, Texas on this <u>1st</u> day of <u>November</u>, 2007.

*/s/ Letitia Z. Clark*

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE